FILED

DEC 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EILEEN KELLY, as the Surviving Parent
of Sean Desmond Kelly; et al.,

          Plaintiffs - Appellants,

 v.

STATE OF ARIZONA, acting by and
through the Arizona Department of
Corrections; et al.,

          Defendants - Appellees.

No. 09-17574

D.C. No. 2:09-cv-00824-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 4, 2010
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and DUFFY, District Judge.[**]

Appellant Lynn Butcher, as representative of the estate of Sean Kelly,

appeals from the district court's judgment dismissing the estate's 42 U.S.C. § 1983

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

action against Appellees Dora Schriro, the former Arizona Department of Corrections Director, and Berry Larson, the former Warden of the Arizona State Prison Complex, Lewis/Morey Unit for failure to state a claim.[1] We review de novo a district court's dismissal. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010). We affirm.[2]

At the time of his death, Sean Kelly was a prisoner of the state of Arizona, serving a nine-year sentence for possession of dangerous drugs and conspiring to promote prison contraband. On multiple occasions, Kelly notified state authorities that he needed to be placed in protective segregation because of threats to his safety by other prisoners. On June 29, 2008, following a multi-faith religious service, two inmates sneaked into Kelly's housing unit and murdered him by stabbing him no less than 116 times.

---

[1] The district court did not specify whether the dismissal was with prejudice or without prejudice, so its dismissal operated as an adjudication on the merits. Fed. R. Civ. P. 41(b). Prior to its order to dismiss, the district court had once granted Butcher leave to amend her complaint with sufficient factual content. Butcher did so amend; it is her amended complaint on which the district court ruled. Although Butcher could have requested leave to amend a second time when defendants moved again to dismiss her amended complaint, see Fed. R. Civ. P. 15(a)(2), she never requested such leave.

[2] Because the parties are familiar with the facts of this case, we will repeat them here only to the extent necessary to explain our decision.

Butcher alleges that Schriro and Larson violated Kelly's Eighth Amendment rights by permitting the prison to be understaffed in violation of Department of Corrections policies, which enabled the inmates to murder Kelly.

The failure of prison officials to protect a prisoner from violence by other inmates may constitute an Eighth Amendment violation if (1) the deprivation alleged is sufficiently, serious and (2) the prison official acts with deliberate indifference to the inmate's safety. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Butcher, however, has failed to plead any facts that would allow this court to draw a reasonable inference that Schriro and Larson acted with deliberate indifference.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to " 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Here, Butcher's allegations are not supported by any well-pleaded facts; her complaint merely recites the elements of an Eighth Amendment claim and insists that Schriro and Larson violated Kelly's constitutional rights. Butcher does not allege any personal involvement by Schriro and Larson sufficient to make

3

them complicit in Kelly's death. See id. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). There is no suggestion that Schriro and Larson were personally aware that the prison was understaffed, that prisoners were able to access Kelly's cell, or that Kelly had previously been threatened and requested segregation. Butcher's allegations are insufficient to show the active knowledge and disregard required for deliberate indifference, and the district court was correct to dismiss her claim. Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000) ("[T]o act with deliberate indifference, an official must have actual knowledge of an excessive risk to inmate health or safety and must deliberately disregard that risk.") (citing Farmer, 511 U.S. at 837).

**AFFIRMED.**